

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*ALINA HABBA*  
*United States Attorney*

*KATELYN R. WAEGENER*  
*Special Assistant United States Attorney*

*401 Market Street, Fourth Floor*  
*Camden, New Jersey 08101-2098*

*Direct Dial: 862.754.2209*  
*Email: Katelyn.Waegener@usdoj.gov*

April 8, 2025

Stanley King, Esq.
Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, P.C.
231 South Broad Street
Woodbury, NJ 08096

    Re:  Plea Agreement with Delora Neal
25-CR-00459-001(RmB)

Dear Counsel:

    This letter sets forth the plea agreement between your client, Delora Neal, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on May 10, 2025, if it is not accepted in writing by that date. If Delora Neal does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

### Charge

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Delora Neal to a three-count Information. Count 1 charges Delora Neal with trafficking in firearms, in violation of 18 U.S.C. § 933(a)(1), Count 2 charges Delora Neal with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and Count 3 charges Delora Neal with engaging in the business of dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A). If Delora Neal enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Delora Neal for her role in possessing, producing, and trafficking firearms that took place from in or about September 2023 to on or about February 2024. However, Delora Neal agrees that uncharged or dismissed counts, if provable by a preponderance of the evidence, should be taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c) or 1B1.3(a).

    But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Delora Neal

even if the applicable statute of limitations period for those charges expires after Delora Neal signs this agreement, and Delora Neal agrees not to assert that any such charges are time-barred.

## Sentencing

### Counts 1 and 2

The violations of 18 U.S.C. §§ 933(a)(1), Count 1, and 922(g)(1), Count 2, to which Delora Neal agrees to plead guilty each carry a statutory maximum prison sentence of 15 years' imprisonment and carry a maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

### Count 3

The violation of 18 U.S.C. § 922(a)(1)(A) to which Delora Neal agrees to plead guilty carries a statutory maximum prison sentence of 5 years' imprisonment and carries a maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on Counts 1 through 3 may run consecutively to each other or to any prison sentence Delora Neal is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Delora Neal is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Delora Neal ultimately will receive.

Further, in addition to imposing any other penalty on Delora Neal, the sentencing judge as part of the sentence:

> (1) will order Delora Neal to pay an assessment of $100 per Count, for a total of $300, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;
>
> (2) may order Delora Neal to pay restitution pursuant to 18 U.S.C. § 3663 et seq.;
>
> (3) may order Delora Neal pursuant to 18 U.S.C. § 3555 to give notice to any victims of her offense;
>
> (4) must order forfeiture of the specific items listed under the "Forfeiture" heading

below, pursuant to 18 U.S.C. § 924(d)(1); and

(5) pursuant to 18 U.S.C. § 3583, may require Delora Neal to serve a term of supervised release of not more than three years on each Count, which will begin at the expiration of any term of imprisonment imposed. Should Delora Neal be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Delora Neal may be sentenced to not more than two years' imprisonment on each Count, which could be ordered to be served consecutively for a total term of at least 6 years, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Forfeiture

Delora Neal consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all rights, title, and interest in the firearms, ammunition, and other related materials recovered by law enforcement between on or about September 26, 2023 and on or about February 8, 2024, as detailed in Schedule B ("the Specific Property").

Delora Neal acknowledges that the Specific Property is subject to forfeiture as firearms or ammunition involved in or used in the violations of 18 U.S.C. § 933(a)(1); 18 U.S.C. § 922(g)(1); and 18 U.S.C. § 922(a)(1)(A) charged in Counts 1, 2, and 3 of the Information.

Delora Neal waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Delora Neal consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Delora Neal understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise Delora Neal of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Delora Neal further understands that Delora Neal has no right to demand that any forfeiture of Delora Neal's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Delora Neal waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Delora Neal also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. Delora Neal agrees that Delora Neal will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Delora Neal has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. Delora Neal further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to,

the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Delora Neal further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of Delora Neal's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

### Rights of the Office Regarding Sentencing

Except as otherwise provided in this agreement, the Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Delora Neal by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, the Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Delora Neal's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Delora Neal will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, the Office and Delora Neal waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

- 4 -

## Immigration Consequences

Delora Neal understands that, if Delora Neal is not a citizen of the United States, Delora Neal's guilty plea to the charged offense/offenses will likely result in Delora Neal being subject to immigration proceedings and removed from the United States by making Delora Neal deportable, excludable, or inadmissible, or ending Delora Neal's naturalization. Delora Neal understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Delora Neal wants and agrees to plead guilty to the charged offense/offenses regardless of any immigration consequences of this plea, even if this plea will cause Delora Neal's removal from the United States. Delora Neal understands that Delora Neal is bound by this guilty plea regardless of any immigration consequences. Accordingly, Delora Neal waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Delora Neal also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, the Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Delora Neal. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Delora Neal.

No provision of this agreement shall preclude Delora Neal from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Delora Neal and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney
District of New Jersey

*[signature: Katelyn Waegener]*

By: KATELYN R. WAEGENER
Special Assistant United States Attorney

APPROVED:

*[signature]*

JASON M. RICHARDSON
Attorney-In-Charge, Camden

I have received this letter from my attorney, Stanley King, Esquire. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A and Schedule B), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____     Date: 4-13-25
Delora Neal

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A and Schedule B), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date: 4-13-25
Stanley King, Esquire

## Plea Agreement With Delora Neal

### Schedule A

1. This Office and Delora Neal recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Delora Neal nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2023 applies in this case.

3. The parties agree that all three Counts group together because one of the Counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the Counts and largely based on some other measure of aggregate harm or if the offense involved ongoing or continuous in nature and the guideline is written to cover such behavior. *See* U.S.S.G. § 3D1.2(c) and (d).

### Counts 1, 2, and 3 – trafficking in firearms, possession of a firearm by convicted felon, and engaging in the business of dealing firearms without a license

4. The applicable guideline is U.S.S.G. § 2K2.1 for all counts. Because Delora Neal was a prohibited person at the time she committed the instant offense, the Base Offense Level is 14. *See* U.S.S.G. § 2K2.1(a)(6)(A) and Application Note 3.

5. The offenses involved between 8 and 24 firearms, therefore the offense level is increased by 4 levels. *See* U.S.S.G. § 2K2.1(b)(1)(B).

6. The offenses involved firearms with altered or obliterated serial numbers, therefore the offense level is increased by 4 levels. *See* U.S.S.G. § 2K2.1(b)(4)(B).

7. Delora Neal sold firearms and ammunition knowing or having reason to believe that such conduct would result in the receipt of the firearms and ammunition by an induvial who intended to use or dispose of the firearms or ammunition unlawfully, therefore the offense level is increased by 2 levels. *See* U.S.S.G. § 2K2.1(b)(5)(B)(i)(II).

8. Accordingly, the total Guidelines offense level for Counts 1, 2, and 3 is 24.

### All Counts

9. As of the date of this letter, it is expected that Delora Neal will enter a plea of guilty prior to the commencement of trial, will truthfully admit her involvement in the offenses and related conduct, and will not engage in conduct that is inconsistent with such acceptance of responsibility. If all of these events occur, and Delora Neal's acceptance of responsibility continues through the date of sentencing, a downward adjustment of 2 levels for acceptance of responsibility will be appropriate. *See* U.S.S.G. § 3E1.1(a) and Application Note 3.

10. As of the date of this letter, it is expected that Delora Neal will assist authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of his intention

to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Delora Neal's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Delora Neal enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Delora Neal's acceptance of responsibility has continued through the date of sentencing and Delora Neal therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Delora Neal's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Delora Neal is 21 (the "Total Offense Level").

12. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

13. If the term of imprisonment does not exceed 51 months, and except as specified in the next paragraph below, Delora Neal will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 41 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

14. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

    a. Any proceeding to revoke the term of supervised release;

    b. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); or

    c. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

## Forfeiture

## Schedule B

As part of acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), Delora Neal agrees to forfeit to the United States all right, title, and interest, if any, in the following items seized by law enforcement between on or about September 26, 2023 and on or about February 8, 2024:

Controlled Purchase September 26, 2023
- 1 Taurus, Pistol, Model: PT 111, 9mm, Serial: TBK95480; and 9mm magazine
- 9 rounds of CCI ammunition stamped "Blazer"

Controlled Purchase October 6, 2023
- 1 Glock platform, privately made firearm ("PMF"), pistol and 9mm magazine
- 1 PMF, pistol and 9mm magazine
- 1 PMF, pistol and 9mm magazine

Controlled Purchase October 19, 2023
- 1 Glock platform, PMF, pistol and 9mm magazine

Controlled Purchase November 1, 2023
- 1 Glock platform, PMF, pistol with "Giesler" markings and 9mm magazine

Controlled Purchase November 30, 2023
- 1 Glock platform, compact, PMF, pistol with "Giesler" markings and 9mm magazine
- 1 Glock platform, subcompact, PMF, pistol with "Poly 80" markings
- 2 9mm magazines
- 2 "P MAG" magazines

Controlled Purchase November 18, 2023
- 1 Glock platform, PMF, pistol with "Poly 80" markings and 9mm magazine
- 1 Glock platform, subcompact, PMF, pistol with "Poly 80" markings and one 9mm magazine
- 1 PMF Glock-type machine gun conversion device
- 1 PMF Glock-type machine gun conversion device

Controlled Purchase February 8, 2024
- 1 PMF, pistol and 9mm magazine
- 8 rounds of assorted 9mm ammunition found in the magazine

(collectively, the "Specific Property").